UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| HOLLI LUNDAHL,<br><br>        Plaintiff,<br><br>vs.<br><br>DOYLE DAVIES, State of Wyoming prosecutor; ANNE WASSER-BERGER, State of Wyoming prosecutor; MATT CASTANO, Wyoming Judge; NATHANIAL HIBBEN, Wyoming Judge; SCOTT PEASLEY, Wyoming Judge; DENNIS MEIER, Wyoming Judge; JUSTIN DARAIE, Wyoming Deputy Attorney General; LUKE REINER, Wyoming Director of the Dept. of Transportation; SUSAN ELLIOT, WYDOT Executive Assistant to Director; CRAIG PRICE, Cabinet Secretary to the South Dakota Dept. of Public Safety; TODD HYRONIMUS, South Dakota Judge; ALEX WEISS, South Dakota prosecutor,<br><br>        Defendants. | CIV. 19-5071-JLV<br><br>ORDER |

Frequent *pro se* filer Holli Lundahl presented documents to the Clerk of Court in Rapid City, South Dakota, for filing on October 14, 2019. The documents are all dated October 14 and include a petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with attachments, and an emergency motion to stay Wyoming state criminal proceedings. The court permanently enjoined Ms. Lundahl from "filing any further civil lawsuits" in this district unless:

A. At the time of the filing of any pleading Ms. [Lundahl] has prepaid in full the applicable filing fee required by the Clerk of Court;

B. The pleadings are signed pursuant to Fed. R. Civ. P. 11 by an attorney admitted to the court; or

C. Ms. [Lundahl] provides the Clerk of Court with a complaint or pleading including all of the following:

   1. As exhibit A to the submission a copy of this permanent injunction; and

   2. As exhibit B to the submission a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that the claim Ms. [Lundahl] wishes to file is a new claim never before raised by her in any court in the District of South Dakota; and

   3. As exhibit C to the submission a listing by full caption of each and every lawsuit previously filed by Ms. [Lundahl] in any federal or state court against each and every defendant to the lawsuit she wishes to file; and

   4. As exhibit D to the submission attach a copy of each such previous complaint and a certified copy of its disposition; and

   5. As exhibit E to the submission a list of any judgments or monetary sanctions previously imposed on Ms. [Lundahl], or any person acting in concert with her, and the status of payment on any such financial obligation.

D. If Ms. [Lundahl] provides a submission under Part C, the judge presiding over the case shall review the submission and determine whether it will be approved for filing.

Noble v. Am. Nat'l. Prop. & Cas. Co., 297 F. Supp. 3d 998, 1013-14 (D.S.D. 2018).[1] The Clerk of Court reminded Ms. Lundahl of these restrictions by e-mail on October 16 and Ms. Lundahl provided a supplemental filing attempting

---

[1] In Noble, the court noted that Ms. Lundahl uses aliases, including the name Holli Lundahl. 297 F. Supp. 38 at 1009. Ms. Lundahl presented herself as Holli Telford in Nobel. Id.

2

to meet these restrictions. The court now permits Ms. Lundahl's pleadings to be filed to create a record and denies her motion.

Ms. Lundahl did not comply with the court's filing restrictions. She states she has previously filed suit against some of the present defendants, but did not provide the full caption of the previous suits and copies of the complaints and dispositions in each of those cases. Noble, 297 F. Supp. 3d at 1013-14. Ms. Lundahl also states "[n]o prefiling sanctions or other monetary sanctions having to do with civil litigation exist" to her knowledge. Given her extensive history of frivolous litigation, the court finds this assertion difficult to accept. The court disallows Ms. Lundahl's pleading for failure to comply with the court's prefiling restrictions.

Even assuming Ms. Lundahl succeeded in meeting the prefiling restrictions, her petition is indisputably frivolous. She asserts her driver's license was suspended due to an illegitimate traffic ticket. She further asserts a trial is set to take place in Wyoming on October 25 for a criminal offense relating to her suspended driver's license. She does not fully explain the nature of the charges she is proceeding to trial on.

"[F]ederal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489 (1973). "A federal lawsuit to stop a prosecution in state court is a serious matter." Younger v. Harris, 401 U.S. 37, 42 (1971). Under Younger, "[w]hen there is a parallel, pending state criminal proceeding, federal

courts must refrain from enjoining the state prosecution." <u>Sprint Commc'ns., Inc. v. Jacobs</u>, 571 U.S. 69, 72 (2013). Ms. Lundahl did not identify any special circumstance or exceptional situation that would permit the court to intervene in a pending Wyoming criminal proceeding. The court finds none upon its independent review of Ms. Lundahl's pleadings. The court must abstain from interfering in a Wyoming state criminal proceeding.

After a thorough review of Ms. Lundahl's pleadings, the court finds they are frivolous, wholly lacking in merit and fail to state a claim on which relief can be granted. The court will not permit Ms. Lundahl's proposed suit to proceed. However, the court will order the Clerk of Court to file Ms. Lundahl's pleadings along with a copy of this order to create a record of the court's actions.

For the reasons given above, it is

ORDERED that the court disallows plaintiff's pleadings as violative of the court's prefiling restrictions.

IT IS FURTHER ORDERED that the Clerk of Court shall file plaintiff's pleadings along with a copy of this order. The case opened to file these documents shall then be immediately closed.

IT IS FURTHER ORDERED that the Clerk of Court shall send a copy of this order to plaintiff.

Dated November 13, 2019.

BY THE COURT:

_____
JEFFREY L. VIKEN
CHIEF JUDGE